ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 28, 2011

Mr. David A. Reisman
Executive Director
Texas Ethics Commission
Post Office Box 12070
Austin, Texas 78711

Opinion No. GA-0863

Re: Information that must be furnished to a respondent against whom a complaint is filed with the Texas Ethics Commission (RQ-0910-GA)

Dear Mr. Reisman:

You ask two questions about complaints filed with the Texas Ethics Commission (the "Commission").[1] A complainant must attach a copy of a document like a paycheck or property tax bill to the complaint to demonstrate residency or real-property ownership in Texas. TEX. GOV'T CODE ANN. § 571.122(b-1) (West Supp. 2010). If the executive director of the Commission determines that the Commission has jurisdiction over the complaint, the Commission must send the respondent a copy of the complaint. *Id.* § 571.124(e) (West 2004). You ask whether the attached document is part of the complaint and must be sent to the respondent under section 571.124(e) and, if so, whether anything in the attached document must be redacted. Request Letter at 1–2.

No Texas law explicitly states whether the document establishing residency or real-property ownership in Texas is so incorporated into the complaint as to be part of it. The law merely states that a copy of the document "must be attached to the complaint." TEX. GOV'T CODE ANN. § 571.122(b-1) (West Supp. 2010). The Commission interprets section 571.122 to mean that the document is not part of the complaint and does not have to be sent to the respondent. Request Letter at 2. Courts would give this interpretation "serious consideration" if the Commission enforces section 571.122 and if its interpretation is reasonable and does not contradict the statute's plain language. *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993).

Under section 571.062, the "[C]ommission . . . may adopt rules to administer this chapter or any other law administered and enforced by the [C]ommission." TEX. GOV'T CODE ANN. § 571.062(a) (West 2004). Therefore, chapter 571 is a law "administered and enforced by the [Commission]."

---

[1]Letter from David A. Reisman, Executive Director, Texas Ethics Commission, to Honorable Greg Abbott, Attorney General of Texas (Aug. 19, 2010), https://www.oag.state.tx.us.opin.index_rq.shtml ("Request Letter").

The Commission's interpretation would contradict the plain language of section 571.122 if the phrase "attached to the complaint" plainly means that the document is part of the complaint. The word "attach" means "to tack on, fasten, affix, connect." 1 OXFORD ENGLISH DICTIONARY 759 (2nd ed. 1989). *See also Powell v. Stover*, 165 S.W.3d 322, 326 (Tex. 2005) (indicating that a court may determine the meaning of statutory language by using a dictionary). It is also possible that a document "fastened or affixed" to a complaint may be regarded as part of a complaint, like an exhibit in a pleading. *Cf.* TEX. R. CIV. P. 59 (providing that written instruments "may be made a part of the pleadings by . . . being attached or filed and referred to as such"). However, it is also possible that the "fastened or affixed" document is not part of a complaint but is extrinsic information different from the information explicitly identified as intrinsic to the complaint. *See* TEX. GOV'T CODE ANN. § 571.122(b) (West Supp. 2010) (listing the information that a "complaint filed under this section must . . . set forth" but not listing the document establishing residency or real-property ownership in Texas). Therefore, the phrase "attached to the complaint" does not plainly mean that the document becomes part of the complaint.

A court would likely find the Commission's interpretation reasonable because the Legislature used the words "attached to the complaint" rather than language explicitly stating that the attached document is part of the complaint. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) (noting that words are included in and excluded from statutes for a purpose).

Because a court would likely find that the Commission is charged with administering or enforcing section 571.122 of the Government Code and that its decision not to send the respondent a copy of the document under section 571.124(e) is reasonable and does not contradict the plain language of section 571.122, a court would likely give the Commission's interpretation "serious consideration." *Tarrant Appraisal Dist.*, 845 S.W.2d at 823. Accordingly, we do not conclude that the Commission must provide a copy of the document establishing the complainant's residency or real-property ownership in Texas to the respondent under section 571.124(e).[2] Nor do we answer your second question. *See* Request Letter at 2 (requesting an answer to the second question only if we determine that the attached document must be sent to the respondent under section 574.124(e)).[3]

---

[2]We note that the respondent may examine all documents submitted with a complaint at the Commission's office. 1 TEX. ADMIN. CODE § 12.67(b) (2011) (Tex. Ethics Comm'n, Sworn Complaints).

[3]The Commission must comply with all applicable laws regarding access to public information. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 552.001–.353 (West 2004 & Supp. 2010), 571.139–.140 (West 2004).

## S U M M A R Y

A court would likely give serious consideration to the Texas Ethics Commission's decision not to send the respondent in a matter regarding a sworn complaint a copy of the document establishing the complainant's residency or real-property ownership in Texas.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee